IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT

THE ESTATE OF LOUISE LONGUS
Perlia D. Smith, Personal Representative
5016 Nash Street N.E.
Washington, DC 20019

  Plaintiff

.                Case No. <u>PWG 22 CV 0682__</u>

v.              JURY TRIAL DEMAND

**\*2101** FAIRLAND ROAD OPERATIONS, **LLC**
D/B/A/FAIRLAND CENTER
2101 Fairland Road
Silver Spring, MD 20904

  Defendant

## *<u>AMENDED VERIFIED STATEMENT OF CLAIM</u>

\***Comes Now** Perlia D. Smith, as Personal Representative of the Estate of Louise Longus, Plaintiff, herein, ***by and through the undersigned counsel** and files this complaint against the above- named Defendant Health Care Providers, and in support thereof states as follows:

1. That the Claimant, Perlia D. Smith is a resident of the District of Columbia and the duly appointed Personal Representative of the Estate of Louise Longus.

2. That the Estate of Louise Longus is an Estate that was opened in the District of Columbia and is a bona fide legal entity under District of Columbia law.

3. That Perlia D. Smith is a surviving daughter of the late Louise Longus and properly named as an heir in the Estate.

4. At all times relevant, all heirs Perlia D. Smith, Gregory Milton Longus, Dwight Clifton Longus, Fernando Keith Longus and Arnetta Maria Longus have resided in the District of Columbia and are properly named in the Estate. Heirs, David Edward Longus and Olenthia Ruth Boardley presently reside in Maryland are properly named in the Estate.

5. Heirs in the Estate of Louise Longus are the maternal children of the late Louise Longus.

6. Plaintiff filed the required documents with the Maryland Health Care Alternative Dispute Resolution Office, including the Official Death Certificate issued by the State of Maryland and an Official Autopsy Report and Certified Medical Expert Opinion and Report.

7. That Louise Longus died on January 11, ***2017** in the State of Maryland.

8. That this action is being brought under both the Maryland Wrongful Death Statute and the Maryland Statutes pertaining to actions involving medical malpractice.

9. That all of the Defendants herein are Maryland business entities either incorporated in the State of Maryland or licensed to conduct business located at 2101 Fairland Road, in Silver Spring, MD 20904, in Montgomery County, MD.

10. That at all times relevant, Defendant Health Providers owned and operated Nursing Home located at 2101 Fairland Road, Silver Spring, MD 20904. , in Montgomery County, MD.

11. That the late Louise Longus was a resident patient of the Defendant's owned and operated Nursing Home located at 2101 Fairland Rd, Silver Spring, MD 20904, in Montgomery County, MD for the purpose of receiving convalescent and

     rehabilitation care and treatment at the Defendant's Nursing Home for the period from January 8, 2017 up to the time of her admission to Howard County General Hospital on January 10, ***2017***.

12. That at all times relevant, the Defendants employed various medical providers and medical staff at their nursing home at 2101 Fairland Road, Silver Spring, MD 20904, and these employees/servants/agents whose names and identities are not known due to the nature medical records were produced and kept at the facility, were acting within their scope of their employment when they rendered medical and custodial care to the late Louise Longus and when they failed to follow the applicable standard of medical and custodial care during their care and treatment of the late Louise Longus, at the Nursing Home at 2101 Fairland Road, Silver Spring, MD 20904, Montgomery County, Maryland., which proximately resulted in a physical injury to the late Louise Longus and proximately caused her death.

13. That the amount of this claim exceeds the jurisdictional limit of the District Court of Maryland and the appropriate venue for this claim is Montgomery County Maryland because the medical care provided to the late Louise Longus and breaches of the standard of medical care and duty of providing information to facilitate her Informed Consent occurred in Montgomery County.

14. That the US District Court is likewise an appropriate venue in that the Estate of Louise Longus is a District of Columbia entity and the Nursing Home is located in Montgomery County Maryland. The amount in controversy also makes the US District Court a proper venue.

15. That the acts of medical malpractice and neglect occasioned by the Defendants that proximately resulted in the death of the late Louise Longus, occurred on or about January 8, 2017 and after that, occurred in Montgomery County, Maryland.

16. That on or about January 8, 2017, certain heirs of the estate advised the staff at the Nursing Home that the late Louise Longus told them she had been dropped by the staff. She complained of Head and Neck pain.

17. That the Nursing Home did not refer the late Louise Longus to a Hospital or Urgent Care Center for imaging or other investigative care.

18. That on January 10, 2017, staff at the Nursing Home found the late Louise Longus unresponsive and that time caused her to be sent to the Howard County General Hospital.

19. That the standard of medical care applicable to the Defendant was to provide the proper medical and custodial care with respect to follow up care to her surgery performed at Medstar Washington Hospital Center. She had a below the knee amputation and was sent to the Nursing home for Rehabilitative services and Convalescent therapy. This included protective custodial care as well as monitoring her physical condition for wound care and promptly notifying the supervising Nursing Home physician of the progression and deterioration of the patient's condition through the time that the patient was at the Defendant's Nursing Home.

20. As a result and proximate result of the Defendants actions, by and through their employees/servants/agents, by breaching the applicable standard of medical care

owed to the late Louise Longus, she sustained a physical injury to her body and later died as a result of the breach of care.

21. That as a direct and proximate result of the breach of the applicable standard of medical care by the Defendants, by and through their employees/servants/agents, the late Louise Longus 1) suffered conscious pain and suffering in the past; 2) incurred medical expenses in the past; 3) suffered mental anguish; 4) suffered permanent physical injuries and death.

22. That the Nursing Home's failure to follow up on reports to them concerning the patient being dropped, made it impossible to communicate to patient the nature and extent of her injury; therefore, denying her or her children of any chance to fully assess what treatment/intervention should have been followed with respect to her care. They could not exercise informed consent under any of these circumstances.

23. That all of the injuries and damages sustained by the late Louise Longus, are now being brought by the Estate of the late Louise Longus, by and through its Personal Representative, Perlia D. Smith,  were the direct and proximate result of the negligent actions and breaches of the applicable standards of medical care by all of the Defendants, by and through their employees/servants/agents, without any act or omission on the part of the late Louise Longus, or on the part of any of the claimants herein, directly thereunto contributing.

24. That the late Louise Longus and all heirs of her estate herein did not assume the risk of the injuries and death of the late Louise Longus.

**COUNT I:  NEGLIGENCE – MEDICAL MALPRACTICE (Perlia D. Smith, as Personal Representative of the Estate of the late Louise Longus as against all Defendants)**

The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1 – 24 above.

> 25. That on or about January 8, and thereafter, the Defendants, by and through their employees/servants/agents breached the applicable standard of medical care owed to the late Louise Longus, which directly caused a physical injury to the patient and was the direct and proximate cause of all of the injuries and damages being pursued by the Claimants in this case.

**WHEREFORE** the Plaintiff claims monetary damages against all Defendants individually in an amount not less than 900,000.00 or an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

## COUNT II:  WRONGFUL DEATH (Perlia D. Smith,  Personal Representative in the Estate of Louise Longus. against all defendants)

The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in 1-25 above.

> 26. That as a direct and proximate result of the Defendants' breach of the applicable standard of medical care owed to the late Louise Longus, the Defendants caused death of Louise Longus and the plaintiff (Estate) on behalf of the survivors of Louise Longus, sustained pecuniary loss, mental anguish, emotional pain and suffering and other damages.
>
> 27. This Complaint is time filed within three years after the death of Louise Longus under Section 3-904 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland (Wrongful Death Statute).
>
> 28. That the Defendants, by and through their employees/servants/agents, deviated from the acceptable standard of medical care during the care and treatment of the

late Louise Longus, and that deviation from the applicable standard of care was the direct and proximate cause of the death of Louise Longus.

**WHEREFORE:** The Plaintiff's claim for monetary damages against all Defendants in an amount to be determined at trial, plus costs, and for any further relief that this Honorable Court determines necessary and appropriate.

*****Respectfully Submitted,**

*****/s/ Donata Edwards**
**Donata L. Edwards, Esquire, #18207**
**1629 k Street NW Suite 300**
**Washington, DC 20006**
 **202 508-0991**
**202 302-6722**
**mtpisgahjustice@verizon.net**
**Counsel of Plaintiff**

### CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge information and belief that this complaint; (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.
I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

DATE of signing: ***March 16,   2023**.

Signature of Plaintiff   ***Perliia D. Smith**                                              * /s/ *Donata Edwards*
                    ***Perlia D. Smith, Personal Representative;**     * **Donata Edwards**

Printed Name of Plaintiff ***Perlia D. Smith, Personal Representative,**   * **Donata Edwards**