```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

THE ESTATE OF LOUISE LONGUS,    :
Perlia D. Smith, Personal
Representative                  :

    v.                           :   Civil Action No. DKC 22-682

                                                            :

2101 FAIRLAND ROAD OPERATIONS,
LLC d/b/a Fairland Center       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this medical malpractice negligence case is the motion to amend judgment filed by Plaintiff Perlia D. Smith as personal representative of the Estate of Louise Longus ("Plaintiff"). (ECF No. 55). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to amend judgment will be denied.

**I.   Background**

The background of this case is set out in this court's previous memorandum opinion. (ECF No. 53). On April 25, 2025, Plaintiff filed a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e). (ECF No. 55). On May 23, 2025, Defendant 2101 Fairland Road Operations, LLC d/b/a Fairland Center ("Defendant") filed a response in opposition. (ECF No. 63). On June 13, 2025, Plaintiff filed a reply in support of her motion. (ECF No. 67).

**II.   Standard of Review**

Federal Rule of Civil Procedure 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  A district court may grant the motion in three limited instances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citation modified).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation modified).  "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Id.* (citation modified).

**III. Analysis**

Plaintiff argues that amending the judgment is appropriate because the court's summary judgment ruling "constitutes a clear error of law based on the files, records, and evidence presented in this case" and a reconsideration is appropriate "to avoid a manifest injustice."  (ECF No. 55, at 4).  Despite the court finding to the contrary, Plaintiff argues that she *did* sufficiently

provide facts to support Defendant's negligence and the standard of care Defendant owed, and there is a dispute of material fact over the standard of care. (ECF No. 55, at 5-6). Plaintiff also raises a new argument as to why her wrongful death claim should be considered. (ECF No. 55, at 6-7).

Plaintiff's motion does not state a proper ground for reconsideration under Rule 59(e). The court will not rehash the same arguments considered and rejected by the court in deciding the motion for summary judgment, nor will it consider new arguments that Plaintiff could have raised previously. Thus, Plaintiff's motion to amend judgment will be denied.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion to amend judgment will be denied. A separate order will follow.

                                                /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge